IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00564

HSU CHIANG A. CHOU and

CHONGPING CHOU

 Plaintiffs

v.

PHILIP A. MOROCO II

Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiffs, through counsel, hereby file their Complaint and Jury Demand and alleges as follows:

**JURISDICTION**

1. Hsu Chiang A. Chou and Chongping Chou (husband and wife) are citizens of the United States and residents of California.

2. Philip A. Moroco II is, upon information and belief, a citizen of the United States and a resident of Pennsylvania.

3. This is a personal injury action arising from a January 17, 2017 skier/snowboarder collision between Hsu Chiang A. Chou and Philip A. Moroco II at the Vail Ski Resort in Eagle County, Colorado.

4. As a proximate result of the collision, Mrs. Chou sustained a displaced, comminuted right clavicle fracture and a displaced fracture of the posterior aspect of the right third rib with offset.

5. Taking into account the nature, extent, and permanency of the injuries sustained, and the reasonable actual, general, economic and non-economic damages sustained by the plaintiff, the value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of interest and costs. This Court, therefore, has original diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1).

## GENERAL ALLEGATIONS

6. On January 17, 2017, the Plaintiff, Hsu Chiang A. Chou, was skiing and the Defendant, Philip A. Moroco II, was snowboarding on *The Star Trail* in Blue Sky Basin at the Vail Ski Resort in Vail, Colorado.

7. Both Mrs. Chou and Mr. Moroco were considered "skiers" within the meaning of the Colorado Ski Safety Act. Colo. Rev. Stat. § 33-44-103(8).

8. Mrs. Chou was skiing downhill of Mr. Moroco, in control of her speed and course and plainly visible to uphill skiers.

9. Mr. Moroco was descending from uphill of Mrs. Chou.

10. Mr. Moroco, while attempting to overtake Mrs. Chou, collided into Mrs. Chou from uphill, behind, and at a high rate of speed, causing Mrs. Chou to suffer injuries, damages and losses as described herein.

11. Mr. Moroco was out of control.

12. The sole proximate cause of the collision was the negligent and negligent *per se* manner in which the Defendant was skiing.

## FIRST CLAIM FOR RELIEF

### Negligence *Per Se* – C.R.S. § 33-44-109(2)

13. The Defendant had the primary duty, as the uphill and overtaking skier, to avoid colliding into the Plaintiff. C.R.S. § 33-44-109(2).

14. Defendant had a duty to maintain control of his speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and/or objects. *Id.* Defendant, as the uphill and overtaking skier, had the primary duty to avoid skiers below. *Id.*

15. The Defendant breached these duties to the Plaintiff by colliding into Plaintiff at high speed, from above, and uphill.

16. The sole cause of the collision was Defendant's breach of his statutory duties of care.

17. Plaintiff was a member of the class the statute was intended to protect and suffered the type of harm the statute was intended to prevent.

18. Plaintiff suffered injuries as set forth below as a direct and proximate result of the Defendant's negligence and negligence *per se*.

## SECOND CLAIM FOR RELIEF

### Negligence *Per Se* – C.R.S. § 33-44-109(5)

19. The Defendant had a duty to refrain from acting in a manner which causes injury to other skiers. C.R.S. § 33-44-109(5).

20. The Defendant breached this duty to the Plaintiff by colliding into Plaintiff at high speed, from above, and uphill.

21. The sole cause of the collision was Defendant's breach of his statutory duties of care.

22. Plaintiff was a member of the class the statute was intended to protect and suffered the type of harm the statute was intended to prevent.

23. Plaintiff suffered injuries as set forth below as a direct and proximate result of the Defendant's negligence and negligence *per se*.

## THIRD CLAIM FOR RELIEF

### Common Law Negligence

24. At all relevant times, Mr. Moroco had a duty to act with reasonable care as to Mrs. Chou. Mr. Moroco failed to act with reasonable care and, as a result, Plaintiffs suffered damages as set out below.

## DAMAGES

25. As a direct and proximate result of the collision, Plaintiff sustained a displaced, comminuted right clavicle fracture and a displaced fracture of the posterior aspect of the right third rib with offset. The clavicle fracture required open reduction and internal fixation later that same day.

26. Mrs. and Mr. Chou have incurred and will incur in the future, economic losses, including hospital, and medical expenses, charges for physicians' services and examinations, clinic visits, physical therapy, radiographic studies, and other related expenses. These damages are all caused by the injuries Plaintiff sustained as a direct and proximate result of the Defendant's negligence and negligence *per se*.

27. Mrs. Chou will sustain additional damages including disability, physical impairment, and disfigurement as a result of her injuries.

28. Mrs. Chou has and will continue to sustain pain, suffering, mental and emotional distress, and a loss of enjoyment of life.

29. Mr. Chongping Chou asserts a claim for loss of consortium.

WHEREFORE, Plaintiffs pray for judgment to enter in their favor and against Defendant Philip Moroco II for economic and non-economic damages in amounts to be determined at trial, interest from the date of the injury, January 17, 2017, costs and expenses of suit, attorneys' fees if appropriate, and such other relief as the Court deems proper.

### PLAINTIFFS DEMAND A TRIAL BY JURY

RESPECTFULLY submitted March 2, 2017.

**CHALAT HATTEN & BANKER PC**

*/s/ Russell R. Hatten*

Russell R. Hatten, Atty. Reg. 30399
1600 Broadway, Suite 1920
Denver, Colorado 80202
Telephone: 303.861.1042
Fax: 303.861.0506
Email: rhatten@chalatlaw.com
*Attorney for Plaintiffs*

Plaintiff's Address:

2857 Rancho Rio Chico
Carlsbad, CA 92009